THE LAW OFFICES OF
KELLY G. BLACK, PLC

1152 E Greenway St, Ste 4
Mesa, AZ 85203-4360
P 480-639-6719
F 480-639-6819
kgb@kellygblacklaw.com
Attorneys for Debtors The Carwasher, Inc. and Bajo Enterprises
By:   Kelly G. Black, No.  016376

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>**The Carwasher, Inc.**<br>**Bajo Enterprises**<br>**Raymond Coy Lindblom**<br>**Kathleen Lindblom**<br><br>Debtors. | Proceedings under Chapter 11<br><br>**2:13-bk-13417-EPB**<br>**2:13-bk-13419-EPB**<br>**2:14-bk-01011-EPB**<br><br>(Jointly Administered)<br><br>**Further Stipulation Regarding Motion to Assume Real Property Lease (Bond)**<br><br>324 N. Country Club Dr.<br>Mesa AZ 85201<br><br>Assigned to:  Honorable Eddward P Ballinger, Jr. |

On October 21, 2013, Debtors The Carwasher, Inc. ("Carwasher") and Bajo Enterprises ("Bajo," and collectively ("Debtors") filed their Motion to Assume Real Property Lease (Doc 66, the "Motion"), seeking approval of the assumption of Carwasher's lease of its principal premises in Mesa and Bajo's assumption of its portion of that lease. The proposed assumption carried out the terms of Debtors' Agreement for Cure and Renewal of Lease (Doc 66, Exhibit B, the "Agreement") with Joyce Carole Bond ("Bond") as Landlord.

Debtors served the Motion (Doc 69) and the accompanying Notice (Docs 67, 70). The only timely Objection (Doc 73) was filed by the Maricopa County Treasurer ("Treasurer"). Debtors and the Treasurer resolved the Objection on the terms stated in the Stipulation filed with the Court (Doc 225, the "Treasurer's Stipulation").

To accommodate a resolution of the Treasurer's Objection, Debtors and Bond agreed to modify the Agreement, and subsequently reached additional agreements, which are documented herein:

1. Bond consents to the terms of the Treasurer's Stipulation.

2. Rather than pursue the adversary action contemplated by paragraph 8 of the Agreement, Carwasher redeemed certain of the tax lien certificates which would have been stayed by the adversary action, and increased the monthly payments contemplated by paragraph 7.a of the Agreement from 2,000 to 2,850 from May 2014 through January 2015, allowing Bond to bring the remainder of the taxes current before the certificates could be foreclosed. As a result, the adversary action became moot and was allowed to be dismissed.

3. In February 2015, the monthly payments resumed at $2,000, to continue at that rate until enough has been paid to cure all remaining defaults under paragraph 7 of the Agreement and the monthly payment are recalculated per the Agreement.

4. After the Agreement was signed, Carwasher and Bond addressed three issues relating to attorney fees allegedly due under the lease and payable under paragraph 7 of the Agreement, which they resolved as follows:

   a. For fees Bond incurred through October 11, 2013 (the date the Agreement was signed), Bond requested $2,711.25. The parties agreed that Carwasher would pay the $2,500 provided for in paragraph 6 of the Agreement.

   b. For fees incurred between October 12, 2013 and October 27, 2015, Carwasher will pay Bond $3,420.00.

   c. For fees incurred after April 6, 2015 in connection with the bankruptcy case, Bond will send a bill and Carwasher will review. If the parties cannot come to agreement, Carwasher will pay any amount the Bankruptcy Court may find to be due. Carwasher's agreement to pay the $2,500 and the $3,420.00 shall not be construed as an admission that similar fees incurred after April 6, 2015 are due. The parties recognize that the Bankruptcy Court is required to approve any compromise agreement, and to review the reasonableness of any fees to be paid under the plan

5. Bond will cast her ballots for class 7, in the amount of 11,900.24 (less property tax escrow payments made after January 29, 2015), and for class 12, in the same amount.

6. Any of the fees agreed or found to be due will be paid after satisfying the other cure payments, and on the same schedule provided in the Agreement for cure payments.

7. Bond and Carwasher shall exchange information by November 15, 2015 to determine the amount of the monthly payment due under paragraph 7 of the Agreement.

DATED this 29th day of October, 2015.

Kelly G. Black, PLC

/s/ Kelly G. Black
Attorney for Debtors
By: Kelly G. Black, No. 016376

Fuller & Stowell, PC

/s/ Randal L. Stowell
Attorney Joyce Carole Bond
By: Randal L. Stowell, No. 007513