THE CAVANAGH LAW FIRM
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Minute Entries:
edocket@cavanaghlaw.com

Philip G. Mitchell (SBN 010374)
pmitchell@cavanaghlaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| In re | | In Proceedings Under Chapter 11 |
|---|---|---|
| **THE CARWASHER, INC., and** | [X] | Case No. 2:13-bk-13417-EPB<br>Case No. 2:13-bk-13419-EPB |
| **BAJO ENTERPRISES, and** | [X] | Case No. 2:14-bk-01011-EPB |
| **RAYMOND COY LINDBLOM, KATHLEEN LINDBLOM** | [X] | (Jointly Administered under Case No. 2:13-bk-13417-EPB) |
| Debtors. | | **MOTION TO CONVERT JOINTLY ADMINISTRATED BANKRUPTCY CASES TO CHAPTER 7** |

The Cavanagh Law firm, as counsel for Philip G. Mitchell, the court-appointed Chapter 11 Trustee for the above referenced jointly administered bankruptcy case is [Dkt #410] herewith files his Motion to Convert the above referenced jointly administrated bankruptcy cases of The Carwasher, Inc., Bajo Enterprises, and Raymond Coy and Kathleen Lindblom, from petitions for bankruptcy relief under Chapter 11 to petition bankruptcy relief under Chapter 7. In support of this motion Trustee states as follow:

1. On or about August 5, 2013, The Carwasher, Inc., filed its petition for bankruptcy relief under the provisions of Chapter 11 Untied States Bankruptcy Code.

2. On or about August 5, 2013, Bajo Enterprises, filed its petition for bankruptcy relief under the provisions of Chapter 11 Untied States Bankruptcy Code.

3. On or about January 28, 2014, Raymond Coy and Kathleen Lindblom, filed their petition for bankruptcy relief under the provisions of Chapter 11 Untied States Bankruptcy Code.

4. By order of this court dated August 20, 2013 and March 10, 2014 this court ordered the above three petitions for bankruptcy relief to be jointly administered [Dkt #40 & #119].

5. The jointly administered debtors continued to act as debtors in possession pursuant to the provisions of Chapter 11, title of the United States Bankruptcy Code until November 14, 2018 when this court entered its order appointing Philip G. Mitchell, "Court Trustee" to act as a Chapter 11 trustee for the jointly administered bankruptcy estates [Dkt #410]

6. Immediately upon the court's entry of its order appointing the Trustee, Trustee met with debtor in possession to discuss all three pending Chapter 11 petitions.

7. In that initial meeting the debtor in possession disclosed that it was unable to generate sufficient revenues to pay its post-petition bills as they came due. In addition the debtor in possession also disclosed that it was more than 2 years delinquent on the payment of employment taxes, was accruing post-petition administrative expenses, and had no prospects for raising funds or borrowing funds for payments of these accrued, accruing and on-going post-petitions expenses.

8. In addition to non-payment of post-petition expenses and taxes, the debtors disclosed that they were not current on statutory fees due and owing the Office of the United States Trustee.

9. In order to avoid the incurrence of additional post-petition expenses, in light of the insolvent state of the debtors, the Trustee directed the closure of The Carwasher

1. operation.
10. The debtor Raymond Coy and Kathleen Lindblom have reported to Trustee that they have no source of income other than social security. Mr. Linblom also reported no source of income from either the debtor, Bajo Enterprises, or the debtor, The Carwasher, Inc.

**LEGAL ARGUEMNT**

Pursuant to The Provisions of 11 U.S.C. §1112 (b), the court on request of a party in interest, and after notice of hearing, shall convert a case under this Chapter 11 to a case under Chapter 7 ..." for "cause" as defined by 11 U.S.C. § 1112(b)(4).

Section 1112(b) 4, defines "cause" as including substantially or continuing loss to or diminution of the estate; the absence of a reasonable likely to rehabilitation; gross mismanagement of the estate; failure to timely pay taxes owed after the date of the order relief; failure to file a disclosure statement or to file or confirm a plan within in the time fixed by this title or by order of the court; and, failure to pay fees and changes required under Chapter 123 of Title 28.

These estates have continued to exist notwithstanding that they have been administratively insolvent for at least 2 years. The only available source of revenue for these estates is the debtors, Raymond Coy and Kathleen Lindblom's social security's payments, which are otherwise not available for the reorganization of the estates. The debtors have accrued substantial and unpaid post-petition operating expenses, statutory fees, and taxes with no available source of revenues. The debtor lacks any likelihood of rehabilitation, reasonable or otherwise. The debtors have funded operating short falls over the last 2 years by converting 941 payroll taxes of its employees to the detriment of the employees. The debtors now have no means with which to either reorganize or repay the converted employment taxes of the employees.

Two of the three jointly administrative estates have been operating under the

THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

protection of the bankruptcy code for 5 years. The third estate has been operating under the protection of bankruptcy code for 4 years. A review of the docket shows that no plan has been proposed or is prospect based on the financial information available. There is no foreseeable plan in prospect for the reorganization of these debtors.

WHEREFORE the Trustee herewith requests that all three of above captioned jointly administered bankruptcy estates be converted from petitions under Chapter 11 to petitions under Chapter 7 of the United States Bankruptcy Code. Conversion should be granted for "cause", including, but not limited to, "cause" as defined by 11 U.S.C. §1112(b)(4) (A), (I), (J) and (K).

DATED this 6th day of December, 2018.

THE CAVANAGH LAW FIRM, P.A.

By: _____
Philip G. Mitchell
Trustee

COPY of the foregoing mailed
This 6th day of December, 2018, to:

All parties on Master Mailing List.

_____